UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DOMINIQUE WALKER,

                                         Plaintiff,       **FIRST AMENDED COMPLAINT AND JURY DEMAND**

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER AARON
JOHNSON BADGE #2446, DETECTIVE MATTHEW
REGINA, BADGE #2389, DETECTIVE LOUIS
GUBITOSI, BADGE #2356, SERGEANT KENNETH
TYSDALE, BADGE #3827,

Docket No.

ECF CASE

                                     Defendants.

-------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

       1.       This is a civil rights action in which plaintiff seeks relief for the violation of her

rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United

States Constitution, and the laws and Constitution of the State of New York.

       2.       The claim arises from a January 2, 2011 incident in which Officers of the New

York City Police Department ("NYPD"), acting under color of state law, intentionally and

willfully subjected plaintiffs to, among other things, false arrest, excessive force, and false

imprisonment.

       3.       Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as

the Court deems just and proper.

## JURISDICTION

4.      This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the First,
Fourth and Fourteenth Amendments to the United States Constitution.  Pendent party jurisdiction
and supplementary jurisdiction over plaintiffs' state law claims are asserted

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Eastern District of
New York in that Defendant City of New York is located within and a substantial part of the
events giving rise to the claim occurred within the boundaries of the Eastern District of New
York.

## PARTIES

7.      Plaintiff is a citizen of the United States and at all times here relevant resided in
New York County, City and State of New York.

8.      The City of New York is a municipal corporation organized under the laws of the
State of New York.

9.      All others individual defendants ("the officers") are employees of the NYPD, and
are sued in their individual and official capacities.

10.      At all times here mentioned defendants were acting under color of state law, to
wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City
and State of New York.

## FACTUAL ALLEGATIONS

11.      On January 2, 2011, plaintiff was a passenger in a car being driven by her friend.
There were other passengers in the car.  At approximately 6:25 p.m., the car was forced to pull
over by an unmarked police vehicle and the defendant police officers demanded that the driver

and the passengers step out of the car. Upon information and belief, plaintiff was pulled over by defendant Detectives Regina and Gubitosi. Other police officers, including Defendant Detective Johnson, arrived at the scene as plaintiff's car was pulling over. The police officers then searched the car.

12.     When plaintiff started taking photos of the search of the car with her phone, defendant Aaron Johnson Badge #2446 took the phone away using unlawful and unnecessary physical force, and prevented her from photographing the incident.

13.     Plaintiff was held in police custody for about 10 minutes, and she along with everyone else in the car was released without any summons being written.

14.     Defendants had no reasonable basis or probable cause to stop the car or demand that everyone step out of the car.

15.     Defendants attempted to cover up the incident by preventing plaintiff from taking a photograph of the search, and by not filling out paperwork required by NYPD when stops and frisks are performed. Sergeant Tysdale, who was the supervisor on the scene, did not direct that the phone not be taken away, nor direct that stop and frisk forms be filled out, pursuant to patrol guidelines.

16.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17.     During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18.     As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

      a.     Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

      b.     Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

      c.     Violation of her rights pursuant to the First Amendment to the United States Constitution guaranteeing freedom of speech and press;

      d.     Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

      e.     Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

      f.     Violation of her New York State Constitutional right under Article 1, Section __ to Freedom of Speech;

      g.     Physical pain and suffering;

      h.     Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

      i.     Deprivation of property;

      j.     Loss of liberty;

      k.     Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (ASSAULT)

19.     The above paragraphs are here incorporated by reference.

20.     By swinging at plaintiff, defendants made plaintiff fear for her physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

21.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State common laws and Constitution.

22.     Plaintiff was damaged by defendants' assault.

## SECOND CAUSE OF ACTION
### (BATTERY)

23.     The above paragraphs are here incorporated by reference.

24.     Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

25.     Defendants used excessive and unnecessary force with plaintiff.

26.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

27.     Plaintiff was damaged by defendant's battery.

## THIRD CAUSE OF ACTION
### (FALSE ARREST/ FALSE IMPRISONMENT)

28.     The above paragraphs are here incorporated by reference.

29.     Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

30.     There was no reasonable expectation of successfully prosecuting plaintiff.

31.     Plaintiff was aware of her confinement and did not consent.

32.     Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and 1985, the Constitution of the State of New York and state common law.

33.  Plaintiff has been damaged as a result of defendants' wrongful acts

## FOURTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

34.     The preceding paragraphs are here incorporated by reference.

35.     Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

36.     As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

## FIFTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

37.     All preceding paragraphs are here incorporated by reference.

38.     Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

39.     A damages remedy here is necessary to effectuate the purposes of §§ 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

40.     As a result of defendants' tortuous conduct, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(42 USC § 1983)

41.     Paragraphs one through nineteen are here incorporated by reference.

42.     Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

43.     Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures by subjecting her to false arrest and excessive force, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Defendant's conduct also deprived her to her First Amendment right to free speech by taking her camera phone away in order to stop her from recording the incident and silencing her.  Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

44.     Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.     Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.


DATED:      Brooklyn, New York
            May 8, 2012


TO:    New York City                          Yours, etc.,
       Corporation Counsel Office
       100 Church Street, 4th floor
       New York, NY  10007                    Leo Glickman
                                              Attorney for Plaintiff
       Detective Aaron Johnson                71 Nevins Street
       Shield#2446                            Brooklyn, NY  11217
       Manhattan South Narcotics              (718) 852-0507
                                              lglickman@stollglickman.com
       Detective Matthew Regina
       Shield #2389
       Manhattan South Narcotics

       Detective Louis Gubitosi
       Shield #2356
       Manhattan South Narcotics

       Sergeant Kenneth Tysdale
       Shield #3827
       Manhattan South Narcotics